IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03106-D

**Thomas Stout, Jr.**

                    Plaintiff,

     v.

**Debra Shandles**, et al.,

                    Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Thomas Stout, Jr., a pretrial detainee proceeding *pro se*, commenced this civil action pursuant to 42 U.S.C. § 1983 on May 15, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court is Stout's "motion to delay review" (D.E. 6). For the following reasons, the undersigned magistrate judge denies Stout's "motion to delay review" as moot and recommends that the district court dismiss Stout's claims without prejudice.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally

1

frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Malicious suits are those that constitute an abuse of the judicial process. This abuse can take a number of forms: repeated filings of the same legally insufficient claims, *Ball v. Bristol City Sheriff's Dep't*, No. 7:10-CV-00350, 2010 WL 3199920, at *2 (W.D. Va. Aug. 12, 2010); knowingly submitting a pleading that contains demonstrably false factual statements, *Galeas v. Byrd*, No. 3:11-CV-543-RJC, 2011 WL 6370373, at *3 (W.D.N.C. Dec. 20, 2011), *aff'd*, 469 F. App'x 236 (4th Cir. 2012); filing claims that are duplicative of pending litigation, *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); or submitting a pleading that contains threats or demeans the court, *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Stout's status as a *pro se* party relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a *pro se* plaintiff's allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson v. BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

2

Finally, the court may dismiss a complaint if it seeks monetary relief from a defendant who is immunized from liability for monetary damages. This immunity can take any number of forms, including, but not limited to, immunity under the Eleventh Amendment, *see Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001), or common-law doctrines such as judicial, legislative, and prosecutorial immunity, *see Pierson v. Ray*, 386 U.S. 547, 553–55 (1967).

Here, Stout seeks "punitive damages for [the] loss of constitutional rights" during the criminal proceedings against him, and names an assistant district attorney, an assistant public defender, and the "Wake County Court of Justice" as defendants. Compl. at 3-4, D.E. 1. However, each of these defendants is immune from liability. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that actions filed pursuant to § 1983 must be directed at persons).

For these reasons, the undersigned recommends dismissal of Stout's claims without prejudice, and and denies Stout's "motion to delay review" as moot.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and

3

Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** ***See Wright v. Collins*, 766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 15, 2016

_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE

4