IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3106-D

| | | |
|---|---|---|
| THOMAS STOUT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| DEBRA SHANDLES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On April 15, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 7]. In that M&R, Judge Numbers recommended that the court dismiss Thomas Stout, Jr.'s ("Stout") complaint under 42 U.S.C. § 1983 without prejudice. Stout responded by filing a "notice of removal" [D.E. 8], which the court construes as objections to the M&R.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). The court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Wells v.

Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

On May 15, 2015, Stout–a state pretrial detainee proceeding pro se–filed a complaint seeking "punitive damages for [the] loss of constitutional rights" during the criminal proceedings against him, and names an assistant district attorney, an assistant public defender, and the "Wake County Court of Justice" as defendants. Compl. [D.E. 1], 3–4. Judge Numbers recommended dismissing Stout's claims because each of the individual defendants are immune from liability and the Wake County Court of Justice is not a proper defendant. See, e.g., Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (holding that actions filed pursuant to section 1983 must be directed at persons).

In his objections, Stout merely recites the history of his state criminal proceedings and reiterates arguments stated in his complaint. Stout's objections do not address the M&R. Because Stout's boilerplate objections fail to address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47. Alternatively, the objections lack merit.

2

In sum, after reviewing the M&R, the record, and Stout's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Stout's objections [D.E. 8] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 7]. Stout's complaint is DISMISSED without prejudice. The clerk of court shall close the case.

SO ORDERED. This 28 day of December 2016.

JAMES C. DEVER III
Chief United States District Judge